OPINION
Defendant-appellant Wesley Miller appeals the April 16, 1997, Judgment Entry of the Holmes County Court of Common Pleas that sentenced appellant upon his conviction on four counts of breaking and entering, one count of theft, and one count of vandalism.
 STATEMENT OF THE FACTS AND CASE
Appellant was indicted February 13, 1997, on four counts of breaking and entering, a fifth degree felony, in violation of R.C. 2911.13(A), one count of theft, a fifth degree felony, in violation of R.C.2913.02(A)(1), one count of vandalism, a fifth degree felony, in violation of R.C. 2909.05(B)(1)(2), and two misdemeanor counts each of criminal damaging, criminal trespassing, and petty theft. All of the charges related to four break-ins at high schools and elementary schools in Holmes County, Ohio.
Appellant was arraigned on February 18, 1997, and entered pleas of not guilty to all charges. Subsequently, at a pretrial conference on March 6, 1997, appellant entered a plea agreement with the State. The indictment was consolidated to the six felonies of the indictment. Appellant pled guilty to the six felony counts and agreed to make restitution on all counts. The State agreed to refer appellant for an evaluation at Stark Regional Community Correction Center. The State also made a commitment to recommend community control sanctions at sentencing.
A pre-sentence investigation was conducted. The pre-sentence report revealed that appellant had an extensive criminal record as a juvenile and adult and that appellant was awaiting sentencing in the Wayne County Court of Common Pleas on charges of Escape and Breaking and Entering. A sentencing hearing in the case sub judice was held on April 16, 1997. At the sentencing hearing, the trial court informed appellant that it was not considering community control sanctions and offered appellant the opportunity to withdraw his pleas. After consultation with counsel, appellant stood upon his pleas of guilty. The trial court then sentenced appellant to six consecutive sentences of seven months in prison but indicated a desire to hear an early release motion.
On June 6, 1997, appellant filed a motion for judicial release. At a hearing held July 10, 1997, appellant was released to community control sanctions.
On February 9, 1998, the State filed a motion to terminate community control, claiming that appellant had violated the terms and conditions of his community control sanctions. Appellant appeared before the trial court and entered an admission to the charge. However, appellant failed to appear at the dispositional hearing. The trial court issued a warrant for appellant's arrest.
In 1999, appellant was arrested for violating his community control sanctions imposed in Wayne County and was imprisoned. Appellant was subsequently brought before the Holmes County Court of Common Pleas, the trial court sub judice, for disposition. The trial court incorporated by reference his findings from the 1997 sentencing and added that appellant had fled the jurisdiction for over a year and had to be arrested. The court imposed the remaining forty-two months of imprisonment, with credit for time served.
On November 17, 2000, appellant filed a motion for modification of sentence. Specifically, appellant asked the trial court to order his sentences to run concurrently rather than consecutively. On November 22, 2000, the trial court denied appellant's motion noting that it was well beyond the time for seeking post-conviction relief and beyond the time for appealing appellant's sentence.
On December 13, 2000, appellant filed an appeal of the trial court's November 22, 2000, Judgment Entry. On December 22, 2000, appellant moved to "amend filing of a first appeal as of right." In the motion, appellant sought a delayed appeal. This Court denied appellant's motion for leave to file a delayed appeal, by Judgment Entry filed January 12, 2001. However, upon appellant's motion to reconsider, this Court granted appellant's motion for delayed appeal on February 12, 2001.
Appellant raises the following, sole assignment of error:
 THE SENTENCE IMPOSED UPON APPELLANT IS CONTRARY TO LAW IN THAT THE FINDINGS ARE NOT SUPPORTED BY THE RECORD, AND THE SENTENCE IMPOSED IS DISPROPORTIONATE TO THE DANGER THE APPELLANT POSES TO SOCIETY AND THE SERIOUSNESS OF HIS CONDUCT.
Initially, we note that the State has asked this court to limit appellant's appeal to an appeal of the November 22, 2000, Judgment Entry of the trial court that denied appellant's Motion for Modification of Sentence. The State has asked this court to revisit and rescind our Order granting appellant's Motion for a Delayed Appeal. The State did not oppose appellant's motion for a delayed appeal nor appellant's motion to reconsider. Therefore, we deny the State's request to rescind our prior Order and will proceed to consider appellant's assignment of error as presented.
In appellant's sole assignment of error, appellant argues that the sentence imposed upon appellant is contrary to law because the trial court's findings are not supported by the record and the sentence is disproportionate to the danger appellant poses to society and the seriousness of his conduct.
When reviewing an appeal of a sentence, an appellate court may modify a sentence or remand the matter to the trial court for resentencing if the court finds, clearly and convincingly, that the trial court acted contrary to law or the record. R.C. 2953.08(G)(1)(a), (d). Clear and convincing evidence is that "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121,122 (quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus).
In imposing a sentence for a felony conviction, the trial court has discretion to determine the most effective way to comply with the purposes and principles of sentencing. R.C. 2929.12(A). "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). In exercising its discretion, the trial court is to consider the factors set forth in R.C.2929.12 and any other factors that are relevant which relate to the seriousness of the conduct and the likelihood of recidivism. R.C.2929.12(A).
Specifically, appellant argues that the following findings by the trial court which relate to the seriousness of appellant's conduct are not supported by the record[1]:
1. That the victim suffered serious economic harm;
 2. That the conduct was a more serious form of breaking and entering, vandalism and theft;
In this case, the trial court made the following findings and comments:
 The court's analysis of the factors affecting the seriousness of the offense and likelihood of recidivism is as follows.
 With regard to the seriousness factors the Court finds that the victims in this case suffered serious economic harm and any other factor that the Court is allowed to take into account.
 The Court finds that this is not run-of-the-mill breaking and enterings. The breaking and enterings of these schools was the result of repeated willful and malicious nature of the crimes, especially the vandalism. The breaking and enterings with the exception of the one school that just had the air-conditioner pushed out showed that excessive amounts of violence and willful and repeated and malicious conduct was engaged in by this defendant.
 The Court finds no factors to argue that this case is less serious, therefore, the Court finds this is a more serious nature of these offenses, especially with regard to the breaking and enterings.
 With regard to recidivism, I find that recidivism in this case is likely. The defendant [has] prior adjudications of delinquency, he has [a] prior history of criminal convictions, he's failed to respond favorably in the past to probation or parole, he has failed to acknowledge a pattern of drug or alcohol abuse as related to this offense. Therefore, I find that recidivism is likely in this case.
Transcript of Proceedings, April 16, 1997, Sentencing Hearing, page 8.
Revised Code 2929.12(B)(2) states that conduct is more serious than conduct normally constituting the offense if the victim suffered serious economic harm as a result of the offense. Appellant argues that the restitution in the case totaled only slightly more than $1,000.00.
The record reflects that the total restitution owed was $1,085.00. As stated previously, this court cannot reverse and remand unless we find that the trial court's finding is clearly and convincingly not supported by the record. While the dollar figure reflected by the restitution is not exceptionally large, we note that the statute refers to "serious economic harm," not "serious economic loss." Here, the economic harm was done to public high schools and elementary schools. These schools are funded by the community, with funds intended to educate children. Any loss to the schools decreases the funds available to educate the children. Therefore, the economic harm may well be greater than is reflected by the actual dollar figures of the loss. We cannot say that the trial court's finding of serious economic harm was clearly and convincingly not supported by the record.
Further, the trial court found that this conduct was more serious because the conduct was repeated, willful and malicious. Such a finding, while not specifically delineated in R.C. 2929.12(B), supports a conclusion that the conduct was more serious than conduct normally involved in the offenses. And R.C. 2929.12(B) does indicate that the sentencing court shall consider any relevant factor in determining whether the conduct was more serious than conduct normally constituting the offense.
Appellant asserts that the record does not support this finding. However, we disagree. Appellant, with accomplices, forced their way into two high schools on January 12, 1997. The first break-in involved pushing in an air conditioner, causing damage to the air conditioner. The second break-in involved entering the school through an unlocked door. However, once inside, the offenders, including appellant, broke office and classroom windows to enter the rooms. They also broke into the candy machine. In total, they took approximately $310.00 and tools valued at $225.
On January 14, 1997, the offenders entered an elementary school. Broken glass was found near an office door and an interior door was vandalized. The investigation revealed that $20.00 was stolen. That same night, they broke into another elementary school. The offenders forced their way into school offices and the tool room. Tools stolen had a value of $75.00.
Appellant repeatedly entered schools with the intent to commit theft and with no regard for the damage done to the schools. Once the schools were entered, causing limited damage, several windows were broken inside the schools and an interior door was vandalized. We do not find clearly and convincably that this finding is contrary to record.
Further, we note that the trial court need not make all of the findings that have been challenged by the appellant in order to conclude that the conduct was more serious than conduct normally constituting the offenses for which appellant was convicted. The weight to be given to the factors once found is a matter within the trial court's discretion. State v.Kalman (Nov. 15, 2000), Ashland App. No. COA-1348, unreported, 2000 WL 1724289 (citing State v. Parker (Jan. 19, 1999), Warren App. No. CA 98-04-025, unreported, 1999 WL17732). It would be possible for the trial court to conclude that the conduct was more serious than normal even if only one of the challenged findings were applicable.
Appellant also argues that appellant's sentence was disproportionate to the danger appellant poses to society and the seriousness of the offenses. Appellant argues that his sentences should have been ordered to be served concurrently.
A trial court is authorized to impose consecutive sentences upon a defendant if the court finds the following: (1) that consecutive service is necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to theseriousness of the offender's conduct and to the danger the offenderposes to the public; and (3) if the court finds one of the following: (a) the offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed under R.C.2929.16, 2929.17, or 2929.18, or was under post-release control for a prior offense; (b) the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(E)(4). As with the imposition of a maximum sentence, a trial court is required to state its findings and reason(s) for imposing consecutive sentences. R.C.2929.19(B)(2)(c); See State v. Edmonson (1999), 86 Ohio St.3d 324, 326.
Appellant contends that the trial court's imposition of consecutive sentences resulted in a sentence that was disproportionate to the seriousness of the conduct and to the danger appellant poses to the public. The trial court imposed consecutive, seven month sentences, resulting in a sentence of forty-two months.
As noted above, the trial court found that these were not the run-of-the-mill breaking and enterings. We find that the record supports the trial court's finding that consecutive sentences did not result in a sentence that was disproportionate to the seriousness of the offenses or to the danger appellant posed to the community. Appellant committed the four break-ins to local schools within a short period. Although scared away by an alarm at the first school they broke into, the offenders continued on to break into another school that same night. Likewise, they returned two days later and broke into two more schools. Windows and a door were broken inside the schools. As found by the trial court, these offenses were repeated and malicious. As to the danger appellant posed to the community, appellant has an extensive juvenile and adult criminal history. Although these prior convictions were for misdemeanors, the prior criminal history is extensive and appellant was awaiting sentencing on charges similar to the charges sub judice in another Ohio county. We find that the record sufficiently supports the trial court's findings.
Therefore, we find that the trial court's sentence is not clearly and convincingly contrary to the record or the law.
The judgment of the Holmes County Court of Common Pleas is affirmed.
By EDWARDS, J. HOFFMAN, P.J. and WISE, J. concurs
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Holmes County Court of Common Pleas is affirmed. Costs to appellant.
[1] We note that appellant does not argue that the trial court failed to make any of the requisite findings to sentence appellant as the trial court chose to do. Appellant argues that the findings of the trial court are not supported by the record and that the sentence was disproportionate to appellant's conduct.